IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| James Fallon, Sherry Fallon, Troyce Walt and Pat Walt, Plaintiffs, | § § § § | |
| v. | § § | Civil Action No. 4:12-cv-00174 |
| Grizzly Industrial, Inc., Defendant. | § § § | |

### PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW PLAINTIFFS, and file this Original Complaint, and for their causes of action would respectfully show the Court as follows:

### I. PARTIES

1. Plaintiffs James Fallon and Sherry Fallon are individuals residing at 1719 Meadowlake Drive, Sherman, Texas 75092.

2. Plaintiffs Troyce Walt and Pat Walt are individuals residing in Bells, Grayson County, Texas.

3. Defendant Grizzly Industrial, Inc. ("Grizzly") is a corporation formed under the laws of the State of Washington, with its principal place of business in Bellingham, Washington. Grizzly did business in the State of Texas. In particular, Grizzly sold and distributed hydraulic cylinders, among other products, throughout the State of Texas and the litigation arises out of the use of one of those hydraulic cylinders. These acts of Grizzly constitute "doing business" in the State of Texas, thereby establishing personal jurisdiction under §17.041 (as defined by §17.042) of the Texas Civil Practice & Remedies Code. Grizzly does not maintain a registered agent in

the State of Texas. Therefore, pursuant to §17.044 of the Texas Civil Practice & Remedies Code, Grizzly may be served with process (1) through the Texas Secretary of State by certified mail, return receipt requested, who can forward the suit papers to Shiraz Balolia, at 1821 Valencia St., Bellingham, Washington 98229-4746.

## II. JURISDICTION AND VENUE

4. The amount in controversy, exclusive of interest and costs, is within the minimum jurisdictional limits of this Court.

5. Jurisdiction is proper in this Court as there is diversity of citizenship between the parties as provided by 28 U.S.C. §1332(a).

6. Venue is proper in the Eastern District pursuant to pursuant to 28 U.S.C. §1391 as the accident happened in Grayson County, Texas, which is in the Sherman Division.

## III. FACTS

7. James Fallon purchased a 3" x 12" hydraulic cylinder, serial number 046886, (Hereinafter "the cylinder") which was manufactured and designed by Defendant Grizzly, from a Tractor Supply store in Sherman, Texas.

8. Thereafter, James Fallon replaced a broken hydraulic cylinder on his bat-wing mower with the cylinder he purchased from Tractor Supply.

9. On August 1, 2011, several months after installing the cylinder on the bat-wing mower, James Fallon and Troyce Walt suffered severe and disabling injuries when one side of the bat-wing mower fell on top of them. (Hereinafter "the accident").

10. The cylinder had raised the one side of the bat-wing mower, like it had done several times before, but as the mower side reached the top, a flange on the cylinder broke;

resulting in the heavy mower side to fall on top of James Fallon and Troyce Walt who were standing nearby.

## IV. CAUSES OF ACTION AGAINST GRIZZLY

A. **Negligence**

11. At all times relevant to this cause of action, Grizzly, acting by and through its employees, agents, and/or vice principals, had a duty to act reasonably and prudently in the design, manufacture, promotion, and/or distribution of the cylinder and other hydraulic cylinders similar to it.

12. Defendant breached its duty, by and among other acts and/or omissions, designing, manufacturing, distributing, and promoting a cylinder with a defective flange, designing, manufacturing, distributing and promoting a cylinder with unsafe flanges, by failing to adequately test and/or inspect the design and manufacture of the cylinder and by failing to warn users of its products of the known dangers to a user of this and similar cylinders.

13. The above-referenced acts and/or omissions, each individually and collectively, were proximate causes of the injuries to Plaintiffs.

B. **Strict Liability**

14. Grizzly, by and through its employees, agents, and representatives and vice principals, are the designers, manufacturers, distributors, promoters, and/or sellers of the product in question.

15. At the time the product in question was designed, manufactured, distributed, promoted, and/or sold, it was a defective product, unreasonably dangerous to potential customers and/or users in that it had a defective flange, as well as a defective design and/or a lack of

warning and instructions to the users of the cylinder so that the cylinder could be used in a safe manner.

16. The cylinder in question was in substantially the same defective condition on August 1, 2011 as it was when Defendant placed it into the stream of commerce.

17. The cylinder was defective and unsafe for its intended purposes at the time it left control of Grizzly because it deviated from its specifications or planned output in a manner that rendered the product unreasonably dangerous.

18. The cylinder was defective and unsafe for its intended purposes at the time it left control of Grizzly because a safer alternative design was available to Grizzly that, in reasonable probability (1) would have prevented or significantly reduced Plaintiffs' damages without substantially impairing the product's utility; and (2) was economically and technologically feasible by the application of existing or reasonably achievable scientific knowledge at the time the product left the control of the Defendant.

19. The defective condition of the cylinder and/or the failure of the Defendant to warn of this condition rendered the cylinder unreasonably dangerous and was the producing cause of Plaintiffs' injuries.

C. **Gross Negligence**

20. The above-referenced acts and/or omissions, when viewed objectively from the standpoint of Grizzly at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of potential harm to others, and were of such a nature that Grizzly had, or should have had, a subjective awareness of the risks involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others,

including but not limited to the Plaintiffs. As such, Plaintiffs are entitled to recover exemplary/punitive damages as allowed by law for this conduct.

## VII. DAMAGES

### A. Damages to James Fallon and Troyce Walt

21. Defendant is liable to Plaintiffs James Fallon and Troyce Walt for the following injuries and damages:

1. Past and future physical pain, suffering and mental anguish.

2. Past and future medical, therapy, rehabilitative and attendant care expenses.

3. Past and future loss of earning capacity.

4. Past and future physical disfigurement.

5. Past and future physical impairment.

### B. Damages to Sherry Fallon and Pat Walt

22. Defendants are liable to the Plaintiffs Sherry Fallon and Pat Walt for the following injuries and damages:

1. Past and future loss of consortium.

2. Past and future loss of household services.

### C. Exemplary Damages to All Plaintiffs

23. Defendants acted with conscious disregard for the rights, welfare, and safety of Plaintiffs. Accordingly, Plaintiffs seek an award of exemplary damages as a result of Defendant's gross negligence.

## VIII. JURY DEMAND

24. Plaintiffs respectfully request a trial by jury.

## IX. PRAYER

25.     Plaintiffs ask this Court to issue a judgment against Defendant, order them to pay all compensatory and exemplary damages, all costs of court, pre- and post-judgment interest on all damages awarded, and all other relief to which they have shown themselves to be justly entitled.

Respectfully submitted,

/s/ J. Gregory Marks
J. Gregory Marks
State Bar No.12994900
Michael G. Guajardo
State Bar No. 00784283
Guajardo & Marks, LLP
One Galleria Tower
13355 Noel Road, Suite 1370
Dallas, Texas  75240
972-774-9800 Phone
972-774-9801  Fax

and

*Of Counsel:*
Christopher Rehmet
State Bar No. 24035414
Tate Rehmet Law Office, P.C.
4520 Texoma Parkway, Suite I
Sherman, Texas  75090
903-892-4440 Phone
903-893-5558 Fax

**ATTORNEYS FOR PLAINTIFFS**