IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES FALLON, SHERRY FALLON, TROYCE WALT and PAT WALT | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CASE NO. 4:12CV174 |
| GRIZZLY INDUSTRIAL, INC., DIRECT DISTRIBUTORS, INC. d/b/a AGMATE and AGRI-SUPPLY COMPANY | § § § § § | |
| Defendants. | § § | |

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is Defendant Direct Distributors, Inc. d/b/a Agmate's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (Dkt. 35). As set forth below, the Court finds that the motion should be GRANTED in part and DENIED in part.

Plaintiffs' live complaint in this matter – the Fourth Amended Original Complaint – asserts the following causes of action against Defendant Direct Distributors, Inc. d/b/a Agmate and Defendant Vulcan: (1) negligence; (2) strict liability; and (3) gross negligence based on theories of design, marketing, and manufacturing defects. *See* Dkt. 59.[1] Defendant Direct Distributors, Inc. has filed a motion for summary judgment claiming that it is entitled to summary judgment on Plaintiffs' claims as to manufacturing defect, design defect, and marketing defect. Defendant argues that

---

[1] Plaintiffs have twice amended their complaint since the filing of Defendant's motion, without opposition from Defendant. The Court's findings herein address only the portions of the summary judgment motion applicable to the live complaint, and all other requests for relief in the motion are DENIED as MOOT.

1

because "Plaintiffs allege no negligence other than conduct relating to whether the hydraulic cylinder had a manufacturing, design defect, or marketing defect ... Plaintiffs' negligence theories are encompassed and subsumed in their product defect theories, and Plaintiffs' burden at trial would be to prove injury resulting from a product defect." Dkt. 35 at 2-3. The Court addresses Plaintiffs' claims accordingly in this report and recommendations.

## STANDARD FOR MOTION FOR SUMMARY JUDGMENT

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th Cir. 2001). In sustaining this burden, the movant must identify those portions of pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986). The moving party, however, "need not negate the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant's burden is only to point out the absence of

evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's response "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

## ANALYSIS

The Court first addresses Plaintiffs' claim of design defect. To recover for a products liability claim alleging a design defect, a plaintiff must prove:

(1) the design defect rendered the product unreasonably dangerous;

(2) at the time the product left the control of the manufacturer or seller, a safer alternative design existed; and

(3) the defect was a producing cause of the injury for which the plaintiff seeks recovery.

3

TEX. CIV. PRAC. & REM. CODE ANN. § 82.005(a), (b)(2) (West 2009); *Timpte Indus., Inc. v. Gish,* 286 S.W.3d 306, 311 (Tex. 2009). A "producing cause" is "a substantial factor in bringing about an injury, without which the injury would not have occurred." *Ford Motor Co. v. Ledesma,* 242 S.W.3d 32, 46 (Tex. 2007). Generally, competent expert testimony and objective proof that a defect caused the harm is required. *See Nissan Motor Co. Ltd. v. Armstrong,* 145 S.W.3d 131, 137 (Tex. 2004); *see also Rangel v. Lapin,* 177 S.W.3d 17, 22 (Tex. App. – Houston [1st Dist.] 2005, pet. denied). "Proof other than expert testimony will constitute some evidence of causation only when a layperson's general experience and common understanding would enable the layperson to determine from the evidence, with reasonable probability, the causal relationship between the event and the condition." *Mack Trucks, Inc. V. Tamez,* 206 S.W.3d 572, 583 (Tex. 2006). A "safer alternative design" is: product design other than the one actually used that in reasonable probability: (1) would have prevented or significantly reduced the risk of the claimant's personal injury, property damage, or death without substantially impairing the product's utility; and (2) was economically and technologically feasible at the time the product left the control of the manufacturer or seller by the application of existing or reasonably achievable scientific knowledge. TEX. CIV. PRAC. & REM. CODE ANN. § 82.005(b).

    Direct argues that there is no evidence to establish the viability of a safer alternative design or that any defect was a producing cause of Plaintiffs' injuries. Defendant also argues that there is no evidence that a safer alternative design would have prevented or reduced Plaintiffs' risk of injuries or that a safer design was both economically and technologically feasible at the time the product left the control of the manufacturer.

Plaintiffs, through the expert report of Dr. Akin, have raised a fact issue as to whether there was a design defect. Dr. Akin also opines that there were alternative designs for this product. He acknowledges that there might be a percentage increase in cost, but the Court finds that there is a fact issue for the jury on design defect. Whether a product is defective is generally a question of fact. *See Gann v. Anheuser-Busch, Inc.*, 394 S.W. 3d 83, 86 (Tex. App. – El Paso, 2012, no writ). The motion for summary judgment as to that claim is denied.

Direct also seeks summary judgment on Plaintiffs' claim of a manufacturing defect. A manufacturing defect exists "when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous." *Bic Pen Corp. v. Carter*, 251 S.W.3d 500, 509 (Tex. 2008) (quoting *Cooper Tire & Rubber Co. v. Mendez,* 204 S.W.3d 797, 800 (Tex. 2006)). Plaintiffs do not address this issue in their response. Plaintiffs appear to be arguing that the evidence supports a design defect or marketing defect. Since the Plaintiffs do not brief this issue and, other than a statement by one of the experts that it could be a manufacturing defect or design defect, there is no evidence before the Court regarding manufacturing defect, the Court finds that summary judgment is appropriate on this claim.

Plaintiffs also rely on a marketing defect claim. "A product may be unreasonably dangerous because of a defect in marketing, design, or manufacturing." *American Tobacco Co., Inc. v. Grinnell,* 951 S.W.2d 420, 426 (Tex. 1997). A marketing defect occurs when a defendant knows or should know of a potential risk of harm presented by the nature of the product but markets it without adequately warning of the danger or providing instructions for safe use. *Id.* Among the various elements needed to prevail on a marketing defect claim, a plaintiff must establish that the

5

failure to warn or instruct constituted a causative nexus in the product user's injury. *See USX Corp. v. Salinas,* 818 S.W.2d 473, 482–83 (Tex. App. – San Antonio 1991, writ denied). Liability will attach if the lack of adequate warnings or instructions renders an otherwise adequate product unreasonably dangerous. *Id.* The law of products liability does not require a manufacturer or distributer to warn of obvious risks. *Id.* Nor is there is a duty to warn when the risks associated with a particular product are matters "within the ordinary knowledge common to the community." *Joseph E. Seagram & Sons, Inc. v. McGuire,* 814 S.W.2d 385, 388 (Tex. 1991) (holding no duty to warn of dangers of excessive or prolonged use of alcohol since such dangers already so widely recognized); *see Sauder Custom Fabrication, Inc. v. Boyd,* 967 S.W.2d 349, 351 (Tex. 1998) (refusing to allow recovery on either products liability or negligent failure to warn claim when risk would be obvious to average user of product); *Caterpillar, Inc. v. Shears,* 911 S.W.2d 379, 382 (Tex. 1995) (concluding, as matter of law, no duty to warn of dangers of operating front-end loader without rollover protective structure because average person would recognize risk). In order to prevail on Plaintiffs' marketing defect claim, Plaintiffs must satisfy the following five prong test:

(1) a risk of harm that is inherent in the product or that may arise from the intended or reasonably anticipated use of the product;

(2) the supplier of the product knows or reasonably should foresee the risk of harm at the time the product is marketed;

(3) the product has a marketing defect;

(4) the lack of warnings or instructions renders the product unreasonably dangerous to the ultimate user or consumer; and,

6

    (5)    the failure to warn or instruct causes the user's injury.

*Williams v. Toyota Motor Corporation,* 2009 WL 305183, *5 (E.D. Tex. 2009) (*citing Ranger Conveying & Supply Co. v. Davis*, 254 S.W.3d 471, 480 (Tex. App.– Houston [1st Dist.] 2007, pet. denied)). After reviewing the reports attached to Plaintiffs' response, the Court finds that there is simply not enough evidence to create a fact issue regarding the five-prong marketing defect test. Therefore, summary judgment should be granted on Plaintiffs' marketing defect claim.

As to Defendant Direct's claim that, as a seller, it is not liable for the product claims, the Court finds that this matter is resolved by Texas Civil Practice and Remedies Code §§ 82.003(a)(7)(B) and 82.003(c). According to the record here, Plaintiffs attempted service on the manufacturer, Vulcan, in Taiwan, and, not surprisingly, the manufacturer has not appeared. *See* Dkt. 50. Therefore, under the Texas statute, it is conclusively presumed that Vulcan, is not subject to the jurisdiction of the Court, subjecting Defendant to possible liability, even though it is a non-manufacturing seller. TEX. CIV. PRAC. & REM. CODE §§ 82.003(a)(7)(B) and 82.003(c).

For these reasons, the Court finds that Defendant Direct Distributors, Inc. d/b/a Agmate's Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 (Dkt. 35) should be DENIED as to Plaintiffs' claims based on design defect and GRANTED as to Plaintiffs' claims based on marketing and manufacturing defects.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 5th day of June, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE